UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FLORIA WASHINGTON                                CIVIL ACTION

VERSUS                                           NO: 06-9059

TERRY M. FERGUSON, ET AL.                        SECTION: "A" (3)

### ORDER & REASONS

Before the Court is a Motion to Remand **(Rec. Doc. 5)** filed by the Plaintiff and set for hearing on November 29, 2006, and a Motion for Leave to Amend Petition for Removal **(Rec. Doc. 9)** filed by Defendants and set for hearing on December 4, 2006.

Addressing the Motion for Leave to Amend first, the Court finds that 28 U.S.C. § 1653 is determinative. That statute provides that defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. 28 U.S.C. § 1653. Importantly, §1653 is applicable when a party makes an incorrect statement about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves. Further, Fifth Circuit case law makes clear that § 1653 applies to technically inadequate allegations of jurisdiction. *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770 (5th Cir. 1986); *citing Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985).

Plaintiff raises two arguments in support of remand. First, Plaintiff notes that Defendant

used the word "resident" instead of the word "citizen" in its Notice of Removal. A quick check of the record confirms this. However, within one week of this technical mistake, Defendants filed for Expedited Hearing on the Motion for Leave to Amend the Petition for Removal with the word "citizen." The Court granted the Motion to Expedite Hearing **(Rec. Doc. 8)**.

In this case, the parties are in fact diverse. The Plaintiff is a "citizen" of the State of Louisiana, and Defendants are "citizens" of the State of Georgia. Therefore, this Court finds that 28 U.S.C. § 1653 is applicable to this technicality, and the Defendants' Motion for Leave to Amend Petition of Removal is granted.

The second argument in support of remand advanced by the Plaintiff is that the amount in controversy requirement of 28 U.S.C. § 1332 is not met in this case based on the "Stipulation as to Amount in Controversy and Waiver" filed by the Plaintiff in the Civil District Court of the Parish of Orleans. Defendant opposes this amount in controversy argument noting that the state court petition calls for $190,350 in damages. Thus, Defendant argues it is facially apparent that the jurisdictional amount is met.

The Court finds that Plaintiff's later filings are irrelevant, and that it is facially apparent that the amount in controversy requirement is met in this case. *De Aguilar v. Boeing Company*, 47 F.3d 1404 (5th Cir. 1995); *citing St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 590, 82 L.Ed. 845 (1938).

Accordingly;

**IT IS ORDERED** that the **Motion for Leave to Amend Petition for Removal (Rec. Doc. 9)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Remand** (**Rec. Doc. 5**) is **DENIED**.

New Orleans, Louisiana, Wednesday, February 7, 2007.

                                                JAY C. ZAINEY
                                     UNITED STATES DISTRICT JUDGE